# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| AISHA MOULTRIE, | ) |
| | ) |
| Claimant, | ) |
| | ) |
| v. | ) Case No. CV412-130 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Aisha Moultrie, *pro se*, has filed a complaint asking the Court to review the denials of social security disability claims she has filed since 1999. (Doc. 1.) She also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.) The Court, for the purposes of this Report and Recommendation grants her IFP motion but recommends that this case be dismissed.

A complaint must be dismissed where a court is without subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter

jurisdiction, the court must dismiss the complaint in its entirety."). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* Because federal courts are courts of limited jurisdiction, they are presumed to lack subject matter jurisdiction in a particular case "unless the contrary affirmatively appears." *General Atomic Co. v. United NuclearCorp.*, 655 F.2d 968, 968–69 (9th Cir.1981). And courts have limited jurisdiction over appeals of the Commissioner of Social Security's decisions regarding disability benefits. Judicial review of such cases is provided for in 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing.

42 U.S.C. § 405(g). Section 405(h) provides that "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal,

or government agency except as herein provided." 42 U.S.C. § 405(h). Accordingly, a plaintiff may bring an action against the Commissioner only where he has been a party to a hearing before the Commissioner (or Administrative Law Judge) and only where the Commissioner has made a "final decision" on his claim.

Plaintiff here alleges only that she has been denied benefits after a hearing. But she has failed to allege that the Commissioner's decision denying such benefits was final. And the Complaint is devoid of any factual allegations from which the Court can infer that a final decision (within the meaning of the Act) has been made by the Commissioner. Nor can the Court determine whether this action was filed within 60 days of the final decision denying benefits.

Because Moultrie has failed to offer any factual allegations showing that this Court has subject matter jurisdiction over her case, it should be **DISMISSED WITHOUT PREJUDICE.**

**SO REPORTED AND RECOMMENDED** this 13TH day of June, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3